ORDERED in the Southern District of Florida on March 7, 2007



John K. Olson, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

LAUREN M. SKOLNICK,

    Debtor.
_____/

Case No. 06-12269-BKC-JKO

Chapter 13

### ORDER DENYING DEBTOR'S MOTION TO SHORTEN THE PREJUDICE PERIOD SO AS TO PERMIT THE FILING OF A NEW PETITION

**THIS MATTER** came before the Court at 9:30 a.m. on March 7, 2007 on Lauren M. Skolnick's (the "Debtor") Emergency Motion to Shorten the Prejudice Period (the "Motion") [CP 55] filed on the afternoon of March 6, 2007. Present at the hearing were the Debtor, who is proceeding *pro se* on the Motion; Eric R. Schwartz, Esquire, who represents Hirsch Seidman, d/b/a HS Associates, the holder of the first mortgage on the Debtor's home; and Robin R. Weiner, Esquire, the standing chapter 13 Trustee. The Debtor's case, in which the Motion was filed, was dismissed on November 21, 2006 [CP 48] with a prohibition on the filing of another bankruptcy petition by the Debtor for a period of 180 days, or until May 20, 2007. The Debtor's case was dismissed on the motion of the standing chapter

-1-

13 trustee for failure to obtain confirmation of a chapter 13 plan. The Debtor has filed the Motion because there is a foreclosure sale of her and her husband's home set for 11:00 a.m. on March 7th, approximately 20 hours after the filing of her Motion, and she seeks permission to file a new bankruptcy case in order to prevent that foreclosure sale from occurring.

The Debtor has filed two previous bankruptcy cases, Case Nos. 92-22569 (chapter 7) and 03-23599 (chapter 13). The Debtor's spouse, Richard Skolnick, has filed four prior bankruptcy cases, Case Nos. 02-25420 (chapter 7), 03-20070 (chapter 13), 06-11064 (chapter13), and 06-16914 (chapter 13). Of the five chapter 13 cases filed by the Skolnicks, only Mrs. Skolnick's Case No. 03-23599 made it to confirmation, and that case was subsequently dismissed for failure to make the chapter 13 plan payments. It appears from a cursory reading of the dockets in these seven bankruptcy cases filed by the Skolnicks that a significant motivation in most, if not all, was to prevent the foreclosure of their home which the Debtor has represented in the Motion has been their homestead for 23 years.

Mr. Schwartz represented to me that the balance on his client's mortgage is approximately $330,000; that the most recent payment on the mortgage was in October 2005; and that the foreclosure suit has been pending in the Circuit Court for Broward County since December 2005. The Debtor represented to me that her mother was going to assist her in making payments on the house, although the Debtor also stated that her mother was unaware of the current circumstances in which the Debtor found herself.

The standing chapter 13 trustee advised me that no payments were made by Mr. Skolnick in his three chapter 13 cases, Case Nos. 03-20070, 06-11064 and 06-16914. I also note that the Debtor represented under penalty of perjury in her voluntary petition in this case, 06-12269, that no prior

bankruptcy cases had been filed by her or by her spouse within the last eight years. That representation was patently false, as there were in fact five such cases.

Bankruptcy courts are courts of equity. *Pepper v. Litton,* 308 U.S. 295 (1939). The specific relief which the Debtor seeks is equitable in nature, in that the Debtor has no legal right to a shortening of the 180-day prejudice period contained in the order of dismissal, CP 48. A party seeking equitable relief is required to have acted in good faith in connection with the matters as to which she seeks such relief, often stated in shorthand as the requirement of "clean hands." *Carmen v. Fox Film Corporation,* 269 Fed. 928 (2nd Cir. 1920). As stated in Story's *Equity Jurisprudence* (14th Ed.), vol. 1, § 99:

> Equity imperatively demands of suitors in courts fair dealing and righteous conduct with reference to the matters concerning which they seek relief. He who has acted in bad faith, resorted to trickery and deception, or been guilty of fraud, injustice, or unfairness will appeal in vain to a court of conscience, even thought in his wrongdoing he may have kept himself strictly "within the law." Misconduct which will bar relief in a court of equity need not necessarily be of such a nature as to be punishable as a crime or to constitute the basis of a legal action. Under this maxim, any willful act in regard to the matter in litigation, which would be condemned and pronounced wrongful by honest and fairminded men, will be sufficient to make the hands of the applicant unclean. Both courts and text-writers have repeatedly spoken upon this subject in no uncertain language.

Pomeroy's *Equity Jurisprudence* (3d Ed.) vol. 1, § 398 phrases essentially the same point as follows:

> ...[W]hile the court of chancery could interpose and compel a defendant to comply with the dictates of conscience and good faith with regard to matters outside the strict rules of the law, or even in contradiction to those rules, while it could act upon the conscience of the defendant and force him to do right and justice, it would never interfere on behalf of a plaintiff whose own conduct in connection with the same matter or transaction had been unconscientious or unjust, or marked by a want of good faith, or had violated any of the principles of equity and righteous dealing which it is the purpose of the jurisdiction to sustain. While a court of equity endeavors to promote and enforce justice, good faith, uprightness, fairness, and conscientiousness on the part of the parties who occupy a defensive position in judicial controversies, it no less stringently demands the same from the litigant parties who come before it as plaintiffs or actors in such controversies.

The Debtor now wishes permission to file what would be an eighth bankruptcy case by one or another of the Skolnicks, which would be their seventh in less than 4½ years. There comes a point at which enough becomes too much. We have passed that point, and there are no rewards for Frequent Filers. In light of the number and disposition of the previous cases filed by both the Debtor and her husband, and in light of her perjured representations regarding prior bankruptcy filings made in her petition, I conclude that the Skolnicks have failed to act with the requisite good faith which would permit me to give the Debtor here the equitable relief she seeks. Because the Debtor has not come before me with clean hands, I decline to grant her Motion to shorten the prejudice period fixed by the order of dismissal [CP 48].

Accordingly, it is **ORDERED** that the Motion is **DENIED**.

###

Copies to:

Robin R Weiner, Esquire
POB 559007
Fort Lauderdale, FL 33355

Eric R. Schwartz, Esquire
3601 W. Commercial Boulevard, Suite 31
Ft. Lauderdale, FL 33309-3393

Brian J Cohen, Esquire
1700 University Dr Suite 210
Coral Springs, FL 33071

Lauren M. Skolnick
368 NW 101 Terrace
Coral Springs, FL 33071